UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

DEBRA TOMASZEWSKI,

      Plaintiff,                        DEMAND FOR JURY TRIAL

-vs-                                      Case No.
                                        Hon.

CR MOTORS OF ADRIAN, INC., and
ALLY FINANCIAL INC.

      Defendants.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

### PARTIES

3. The Plaintiff to this lawsuit is Debra Tomaszewski who resides in Holland, Lucas County, Ohio.

4. The Defendants to this lawsuit are as follows:

    a.    CR Motors of Adrian, Inc. ("CR Motors of Adrian, Inc.") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be

1

       served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

   b.   Ally Finanial Inc. ("Ally Financial Inc."), which is a corporation doing business in Michigan, and whose resident agent, The Corporation Company, maintains its office at 40600 Ann Arbor Rd E, Ste 201, Plymouth, MI 48170.

5. At all relevant times CR Motors of Adrian, Inc. and Ally Financial, Inc. are acting in concert and are jointly and severally liable.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Lenawee County.

7. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Prior to visiting CR Motors of Adrian, Plaintiff saw an advertisement ("advertisement") from this Defendant that promised if she paid a $2,000.00 down payment, that CR Motors of Adrian would match the down payment.

9. Plaintiff relied on this advertisement and decided to go to CR Motors of Adrian.

10. On or about May 12, 2016, Plaintiff went to CR Motors of Adrian to inquire about the purchase and finance of a vehicle.

11. An employee of CR Motors of Adrian brought Plaintiff a folded document and represented to the Plaintiff that if was a "credit application" which Plaintiff needed to sign and which Plaintiff did, in fact, sign.

12. Defendant CR Motors of Adrian told Plaintiff that the process required a deposit of $2,050.0 which the Plaintiff paid to Defendant CR Motors of Adrian.

13. Unbeknownst to the Plaintiff, the employee of CR Motors of Adrian had Plaintiff sign a lease agreement.

14. On or about May 12, 2016, by trickery, Plaintiff executed a lease agreement with CR Motors of Adrian, Inc. for a 2016 Jeep Compass, VIN 1C4NJCEA2GD720019 ("the vehicle").

15. After some time, the Defendant CR Motors of Adrian told Plaintiff that the the deal was complete and that she had "purchased" a vehicle; Plaintiff later discovered that she had been conned into signing a lease.

16. When Plaintiff protested, Defendant told her it was too late and that she had purchased the vehicle.

17. The lease was assigned to Ally Financial Inc.

18. Defendants failed to match the Plaintiff's down payment as advertised.

19. Before executing the lease, CR Motors of Adrian, Inc. made the following material representations ("material representations"), were false, and related to the financing of the vehicle:

    a. That the lease agreement was merely a credit application; and

    b. That Plaintiff's down payment would be matched by the dealer.

20. CR Motors of Adrian, Inc. Failed to provide the Plaintiff with any disclosures required under the Consumer Leasing Act.

21. Plaintiff took delivery of the vehicle, drove it home and it has been sitting ever since.

22. Plaintiff attempted to have the entire transaction rescinded by filing a complaint with the State of Michigan, however, the dealership would not agree.

23. Plaintiff has suffered damages and continues to suffer damages as a direct result of the acts and omissions of the Defendants described herein.

### COUNT I -- Violation of Federal Consumer Leasing Act

24. Ms. Tomaszewski incorporates the preceding allegations by reference.

25. The acts and omissions described herein constitute violations of the Consumer Leasing Act.

26. Plaintiff has suffered damages as a result of the acts and omissions described herein.

### COUNT II -- Violation of Michigan Consumer Protection Act

27. Ms. Tomaszewski incorporates the preceding allegations by reference.

28. Defendants are engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

29. Defendants have engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

    a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

    b. Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

    c. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

d.  Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

5.  Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

f.  Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

g.  Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

h.  Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

i.  Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

j.  Causing coercion and duress as the result of the time and nature of a sales presentation.

k.  Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

30. Ms. Tomaszewski has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

31. Ms. Tomaszewski suffers continuing damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT III -- Misrepresentation

32. Ms. Tomaszewski incorporates the preceding allegations by reference.

33. The material representations were intended to induce the reliance of Ms. Tomaszewski.

34. The material representations did induce the reasonable reliance of Ms. Tomaszewski.

35. Defendants made the material representations with actual knowledge of their falsity.

36. Defendants made the material representations with reckless disregard to their truth or falsity.

37. Defendants made the material representations even though it should have known that they were false.

38. These actions constitute a misrepresentation upon Ms. Tomaszewski by Defendants.

39. Ms. Tomaszewski has suffered damages as a result of this misrepresentation.

40. As a result of this misrepresentation, Ms. Tomaszewski suffers continuing damages.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

1. Rescission of the lease with all payments returned to the Plaintiff and all insurance payments reimbursed.

2. An Order requiring that Defendant Ally Financial refrain from reporting any information of a derogatory nature about the account.

3. Actual damages in the amount of all payments made.

4. Statutory damages in the amount of $2,000.00.

5. Costs and attorney fees.

## JURY DEMAND

41. Debra Tomaszewski demands a jury trial in this case.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: /s/ Adam G. Taub
Adam G. Taub (P48703)
Attorney for Debra Tomaszewski
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

Dated: March 7, 2018